## MARGARET J. MARSHALL, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, March 3, 1902.

Damages: PERSONAL INJURY: FORMER INJURY: INSTRUC-TION. An instruction asked by a defendant to the effect that the jury should not consider a former injury of the plaintiff, is held a proper declaration of law and certain modifications attached thereto by the court is held to destroy its effect.

Appeal from Jackson Circuit Court.—*Hon. Edward Scarritt,* Judge.

REVERSED AND REMANDED.

*R. B. Middlebrook* for appellant.

Instruction No. 9 asked for by defendant was proper and the modification thereof error.

*Woolman, Solomon & Cooper* for respondent.

The testimony of the physicians shows that the injuries would be more serious and lasting because of the former injury to the limb, and while the court correctly told the jury that plaintiff could not recover in this action for the former injuries, yet it was proper for the jury to consider the former injuries in determining the extent of the present injuries. Of course, a weak leg would be more seriously injured than a strong one, and would recover more slowly, and certainly the

jury had a right to take this into consideration in determining the extent of the present injuries.

ELLISON, J.—This action is for personal injuries alleged to have been received by plaintiff on one of defendant's sidewalks. She recovered $3,000 in the trial court.

Defendant complains that the verdict is excessive and that the court improperly modified several instructions. It appears that the injury sued for is a hurt of plaintiff's left leg, especially a sprain of the knee. It developed at the trial that plaintiff had formerly had an accident happen to her in which this leg (the foot and knee) was injured and from which she had suffered much pain and inconvenience. And again, by the alleged negligence of a railway company, another accident which greatly injured her and aggravated the first injury.

In this state of the case plaintiff obtained instructions, numbers two and six, advising the jury that the former injuries were no defense to the present injury, notwithstanding the present injury was rendered more aggravated and difficult to cure by reason of the former. Defendant then asked the following instruction which the court refused as asked and, over defendant's protest, added the words in italics:

"At the instance of defendant, Kansas City, the court instructs the jury that if they believe from the evidence that at the time of the accident complained of in the plaintiff's petition, the plaintiff was already suffering from permanent injuries which she had received in other accidents which had previously befallen her, then no damages can be assessed against Kansas City for, or on account of such permanent injuries, if any, that the plaintiff had received by reason of said former accidents having so befallen her, *but the jury may take same into consideration in determining the extent of the injuries, if any, received by reason of the defect in the sidewalk in question.*"

We regard the amendment of the instruction as prejudi-

cial to defendant's interest. The instruction was correct as offered. It embodied a proper declaration of law on defendant's theory. The addition made to it destroyed' all that was for the benefit of defendant and, in effect, made of it a strong and perhaps the most effective instruction for the plaintiff. It left defendant wholly without an instruction on the theory advanced. In point of law, the defendant was entitled to a plain and unqualified declaration of law on this branch of the case presenting a view from the standpoint of the defense. Cahn v. Reid, 18 Mo. App. 115, 135; Gray v. McDonald, 28 Mo. App. 477, 492.

The point as to the defective "stringer" seems not to have been preserved in the motion for new trial. We have not observed any substantial error in the complaints made by defendant other than what we have mentioned. The judgment is reversed and the cause remanded. All concur.